**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000198
27-MAY-2011
08:15 AM**

NO. CAAP-10-0000198

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE SHARON M.Y. YOUNG
REVOCABLE LIVING TRUST AGREEMENT DATED APRIL 28, 1995

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 05-1-0001)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Petitioner-Appellant Mark W.S. Young's (Appellant Young) appeal from the Honorable Derrick H.M. Chan's November 10, 2010 "Judgment on Order Denying Beneficiary Mark W.S. Young's Petition to Remove Trustee" and November 10, 2010 "Judgment on Order Granting Remainder of Trustee's Petition for Instructions" (Judgments), because the Judgments are not appealable pursuant to Rule 34 of the Hawai'i Probate Rules (HPR) and Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in

the manner . . . provided by the rules of the court." HRS § 641-1(c). Subsections (a), (b) and (c) of HPR Rule 34 provide the manner by which appeals shall be taken:

RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS

(a) Entry of Judgment. _All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment_ and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. _Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure_.

(b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.

(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

(d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphases added). "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Michie's Hawaii Revised Statues Annotated Court Rules, HPR Rule 34 cmt. (Michie 2010). "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Therefore, "an order disposing of a circuit

court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 21, 122 P.3d 809, 816 (2005) (citation omitted). "[A] party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

The Judgments do not qualify as appealable judgments under subsections (a), (b) or (c) of HPR Rule 34. The Judgments do not belong to the category of judgments resulting directly from formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, or orders establishing protective arrangements, as HPR Rule 34(a) requires. The Judgments do not contain the necessary express finding of "no just reason for delay" in the entry of judgment, and, thus, the Judgments are not certified in the manner provided by HRCP Rule 54(b), as HPR Rule 34(a) requires for a judgment that does not close a probate proceeding. Finally, the Judgments do not appear to close this trust proceeding. Absent an appealable judgment or an appealable order, this appeal is premature and we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 27, 2011.

Chief Judge

Associate Judge

Associate Judge

-3-